UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |
|---|---|
| CARLA WEST, | |
| Plaintiff, | |
| v. | No. 1:21-cv-01145 |
| HOME DEPOT U.S.A., INC., | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Defendant, HOME DEPOT USA, INC. ("Home Depot"), by its attorneys, McVey & Parsky, LLC, submits this Memorandum of Law in support of its Motion for Summary Judgment under Fed. R. Civ. P. 56(1).

### INTRODUCTION

West claims several studs fell from a display and hit her in the head at a Home Depot store. No Home Depot employee was in the aisle at the time. West touched the studs before they fell. West's handyman, Eduardo Hernandez, saw that the safety cable was disengaged and then moved several studs before the studs fell. Home Depot did not create the alleged hazard and lacked actual and constructive knowledge of it. Moreover, the alleged hazard was open and obvious and Home Depot owed no duty. Thus, summary judgment is proper.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P.

1

56(a). The substantive law underlying the claim defines which facts are material, and a motion should be granted unless there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once a moving party indicates that there is no issue of material fact, the nonmoving party must go beyond the pleadings and set forth specific facts and evidence that demonstrate the existence of a genuine, material, triable issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A nonmoving party's failure to do so is fatal. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A scintilla of evidence, conclusory allegations, speculation, and unsubstantiated assertions will not carry a plaintiff's burden. *Anderson*, 477 U.S. at 252.

## ARGUMENT

### I. Home Depot Lacked Notice of an Unreasonable Hazard Before West's Incident.

A retailer can be liable for injuries a customer's injuries only if the customer proves that: 1) the retailer created the hazard; 2) the retailer actually knew of the hazard; or 3) the retailer had constructive notice of the hazard. *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016) (citations omitted). "Significantly, speculation or conjecture regarding the cause of an injury is not sufficient in Illinois to impose liability for negligence." *Id.* (citing *Smith v. Eli Lilly & Co.*, 560 N.E.2d 324, 328 (Ill. 1990); *Furry v. United States*, 712 F.3d 988, 993 (7th Cir. 2013)).

### A. There is no evidence that Home Depot disengaged the cable or had actual notice that the cable was disengaged.

A plaintiff claiming that the retailer, instead of a third-party, created the alleged hazard must: 1) show that the hazard was related to the retailer's business, and 2) offer some direct or circumstantial evidence "from which it could be inferred that it was more likely that [the] defendant or his servants, rather than a customer," created the hazard. *Id.* at 1038–39 (citing *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 650 (7th Cir. 2014); *Donoho v. O'Connell's, Inc.*,

148 N.E.2d 434, 439 (Ill. 1958)). When a plaintiff presents only evidence that a hazard was related to the retailer's business and was on the retailer's premises, summary judgment is proper. *Thompson v. Econ. Super Marts, Inc.*, 581 N.E.2d 885, 888 (Ill. App. Ct. 1991). The Seventh Circuit's decisions in *Piotrowski* and *Zuppardi* are authoritative.

Zuppardi slipped on water in a store near where employees clocked in and out, took breaks, and unloaded inventory. *Zuppardi*, 770 F.3d at 646–47. However, Zuppardi did not see the water before she fell and did not see how it accumulated, there were no tracks between the puddle and a display or freezer, and she did not see any employees when she was in the aisle before she fell. *Id.* at 650. Although she saw an employee in a different aisle, the Seventh Circuit said that was not enough: it was "insufficient for Zuppardi to solely provide a *possible* way in which a Wal-Mart employee *could* have caused the spill." *Id.* at 646, 650. She could only speculate, which could not defeat summary judgment. *Id.* at 650.

Another customer tripped on rocks in a parking lot and claimed the rocks were placed there through the store's negligence. *Piotrowski*, 842 F.3d at 1038. However, she presented "no direct or circumstantial evidence to indicate that it was more likely that a Menard employee, rather than a third party, was responsible for the two rocks' presence where Piotrowski fell." *Id.* at 1039. She could not create a triable issue simply by claiming "that Menard sold river rocks and used river rocks to fill a planter in the parking lot." *Id.* Instead, to create a triable issue, she had to present "evidence that the rocks' placement in the parking lot was more likely caused by Menard's negligence rather than by that of a customer or other third party. *Id.* As the court explained, the rocks could have been in the parking lot because customers dropped them, the rocks fell off a tire, or for many other reasons. *Id.* "Piotrowski did not see the rocks fall, and neither she nor anyone else to whom she points knew how the rocks at issue ended up where they did. Although she is

correct that a Menard employee's actions *could* have caused the rocks to spill, that this was the cause is only speculation, and speculation is not sufficient to survive summary judgment." *Id.* (emphasis added) (citing *Ciciora v. CCAA, Inc.*, 581 F.3d 480, 483 (7th Cir. 2009); *Thompson*, 581 N.E.2d at 888).

West's evidence suffers the same weaknesses. Neither West nor Hernandez knows who disengaged the cable. (SOF, ¶¶ 10, 27). Although two associates were in an adjacent aisle, (SOF, ¶ 24), that is not enough to create a genuine issue of material fact. *Zuppardi*, 770 F.3d at 646, 650. Neither Hernandez nor West saw a Home Depot employee handle the studs or disengage the cable. (SOF, ¶ 23). Thus, West can do no more than speculate that a Home Depot employee disengaged the safety cable, which cannot create a triable issue of fact on the issue of creation. *Piotrowski*, 842 F.3d at 1038–39.

*Dauber v. Menard, Inc.* is instructive on the issue of actual notice. Dauber failed to show that Menard had actual notice of the alleged hazard—neither employee who patrolled the parking lot on the day of the accident could "recall any particular detail from the relevant day or having been alerted to a spill similar to the one Dauber describe[d]." *Dauber v. Menard, Inc.*, No. 18 CV 7752, 2021 WL 3172954, at *2 (N.D. Ill. July 27, 2021).

Likewise, there is no evidence that any Home Depot employee knew that the safety cable was disengaged before the incident, and no Home Depot employees were in the aisle when the incident occurred. (SOF, ¶¶ 10, 23, 31). West cannot prove Home Depot had actual notice.

**B. Home Depot did not have constructive notice of the disengaged cable either.**

A plaintiff alleging constructive notice must prove that the hazard: 1) "existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care"; or 2) "was part of a pattern of conduct or a recurring incident." *Zuppardi*, 770 F.3d at 649.

4

Significantly, courts applying Illinois law have uniformly rejected imposing a duty to continuously monitor their stores for potential hazards. *Id.* at 652; *Peterson v. Wal-Mart Stores, Inc.*, 241 F.3d 603, 604 (7th Cir. 2001); *Rosales v. Menard, Inc.*, No. 17 C 1131, 2018 WL 2299232, at \*3 (N.D. Ill. May 21, 2018); *Gutterman v. Target Corp.*, 242 F. Supp. 3d 695, 703–04 (N.D. Ill. 2017). Illinois courts have likewise refused to impose a duty to monitor based on a company's internal policies. *Tafoya-Cruz v. Temperance Beer Co., LLC*, 178 N.E.3d 182, 195–96 (Ill. App. Ct. 2020).

      **1.   No one knows how long the strap was unfastened, which defeats West's claim.**

A plaintiff cannot establish constructive notice without "evidence demonstrating the length of time that the" hazard existed. *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 482 (7th Cir. 2008). A plaintiff needs that evidence because she can establish constructive notice *only* by showing that the hazard "exist[ed] for a sufficient length of time to impute knowledge of its existence to the defendants." *Ishoo v. Gen. Growth Properties, Inc.*, 966 N.E.2d 1160, 1165 (Ill. App. Ct. 2012) (citations omitted); *Torrez v. TGI Friday's, Inc.*, 509 F.3d 808, 811 (7th Cir. 2007) (when constructive notice is alleged, "[o]f critical importance is whether the 'substance [that caused the accident] was there a length of time so that in the exercise of ordinary care its presence should have been discovered'") (alteration in original).

In *Tafoya-Cruz*, the plaintiff relied on the testimony of two employees to establish how long the condition existed, but the employees' "testimony offered little in the way of hard evidence." *Tafoya-Cruz*, 178 N.E.3d at 193. One employee inspected the area "two hours before plaintiff's fall," and the other employee "simply could not recall the last time he checked the bathroom that night, but that he tried to stick to a policy of checking them every thirty minutes during busy nights like the one in question." *Id.* at 193–94. The First District affirmed summary judgment and noted that "[t]here is simply no evidence to tell us whether the alleged wet substance

was on that floor for thirty seconds, two minutes, thirty minutes, or two hours," which means the fact finder "would be able to do nothing more than guess at how long that substance was present in the restroom." *Id.* at 194, 196; *see Dauber*, 2021 WL 3172954, at *2 ("Because Dauber did not demonstrate how long the substance was in the parking lot, he fail[ed] to show that Menard had constructive notice. Speculation is simply not enough to survive summary judgment.").

As in *Dauber*, West offered no evidence of how long the safety able was disengaged. Hernandez and West were in the aisle no more than three minutes before the accident. (SOF, ¶ 9). Neither West nor Hernandez knows how long the cable was down or how long the studs were allegedly disorganized. (SOF, ¶¶ 10, 26–27). No Home Depot employees know how long the safety cable was disengaged. (SOF, ¶ 30). West saw another customer in the aisle when she entered the aisle, so it is possible that the customer disengaged the cable and rifled through the studs moments before West entered the aisle. (SOF, ¶ 11).

### 2. There was no pattern of unfastened straps at the subject store.

To prove a pattern of conduct, a plaintiff must cite "a series of inadequate responses on the part of the business owner to the same type of hazard." *Dauber*, 2021 WL 3172954, at *3 (citing *Culli v. Marathon Petroleum Co.*, 862 F.2d 119, 126 (7th Cir. 1988)). The "essential factor" in this inquiry is not the allegedly hazardous pattern itself; rather, it is the business's "response to a repeated hazard." *Id.* "However, 'speculation or conjecture regarding the cause of an injury is not sufficient in Illinois to impose liability for negligence, nor is it sufficient to surmount a well-supported motion for summary judgment." *Id.* (citing *Anderson*, 477 U.S. at 247; *Piotrowski*, 842 F.3d at 1038; *Furry v. United States*, 712 F.3d 988, 993 (7th Cir. 2013)).

Dauber submitted no "evidence permitting the court to draw an inference that this area was susceptible to liquid spills or heavily trafficked at the time of the spill. *Id.* (citation omitted).

6

Moreover, even in high-traffic areas, Illinois courts do not "require continuous monitoring and patrolling of a store's safety conditions." *Id.* (citing *Zuppardi*, 770 F.3d at 652). Thus, he needed to have evidence to show "that Menard's safety procedures—having employees perform daily walkarounds to check for hazards and pick up trash—were insufficient to protect business invitees." *Id.* (citing *Piotrowski*, 842 F.3d at 1040). He had no such evidence.

Here, West cannot even present a pattern of hazards, much less a pattern of inadequate responses to those alleged "hazards." In the two years preceding West's incident, a safety cable was found unattached "maybe once or twice. Not that often. They're usually always attached." (SOF, ¶ 36). Aside from the alleged incident involving West, no Home Depot employee deposed was aware of steel drywall studs falling before or after West's incident or of other persons injured by falling studs in the lumber department when a safety cable is down. (SOF, ¶¶ 31–32).

As in *Dauber*, Home Depot lumber associates perform a daily inspection at the beginning of each day. (SOF, ¶ 33). Thereafter, Home Depot lumber associates regularly inspect the cables to ensure they are attached. (SOF, ¶¶ 34, 37–41). Those inspections occur as often as ten times per hour. (SOF, ¶ 39). If lumber associates see mis-stacked studs or cables disengaged, they remedy the situation. (SOF, ¶¶ 37–38, 42–43). There is no record of a lumber associate ever seeing a cable disengaged and failing to reengage it. (SOF, ¶¶ 37–38); *Cf. Dauber*, 2021 WL 3172954, at *2–3. Summary judgment is proper.

## II. Summary Judgment is Also Proper Under the Open and Obvious Doctrine.

### A. The cable and studs were open and obvious.

A property owner is ordinarily "not required to foresee and protect against an injury if the potentially dangerous condition is open and obvious." *Bruns v. City of Centralia*, 21 N.E.3d 684, 689 (Ill. 2014). Illinois courts recognize the open and obvious rule because landowners "should

not be confronted with the impossible burden of rendering their premises injury-proof"; they are entitled to expect "that their patrons will exercise reasonable care for their own safety." *Bonner v. City of Chicago*, 778 N.E.2d 285, 289 (Ill. App. Ct. 2002). "[W]here no dispute exists as to the physical nature of the condition, whether the dangerous condition is open and obvious is a question of law." *Bruns*, 21 N.E.3d at 690.

A condition is "obvious" if "both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Prostran v. City of Chicago*, 811 N.E.2d 364, 368 (Ill. App. Ct. 2004) (internal quotations and citations omitted). "Whether a condition is open and obvious depends on the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge." *Id.* (citations omitted).

For instance, in *McCarty*, the plaintiff and his employee, Parks, went to a store to purchase materials for a renovation. *McCarty v. Menard, Inc.*, 927 F.3d 468, 470 (7th Cir. 2019). McCarty found the desired materials "by looking at the display signs that identified the boards' thickness." *Id.* at 471. "Parks testified that the display signs in front of the piles clearly labeled the OSB sizes and that he and McCarty used the signs to figure out what boards they needed." *Id.* Furthermore, after McCarty moved each sheet of OSB to another pile, he returned to the original pile and selected another sheet. *Id.* "The only reasonable conclusion is that McCarty saw the protruding sign while standing right in front of it." *Id.* He argued that the sign was not open and obvious because he did not see it, but the Seventh Circuit rejected that argument, noting the well-settled rule that openness and obviousness turns on an objective standard, not what the plaintiff saw and knew. *Id.* at 471–72; *see Rosenberg v. Home Depot U.S.A., Inc.*, No. 16-CV-5272, 2019 WL 670262, at *1–2, 5 (N.D. Ill. Feb. 19, 2019).

8

Similarly, West observed and touched the studs. (SOF, ¶¶ 6–7). Before the incident, Hernandez noticed the studs were disorganized, and the safety cable was disengaged. (SOF, ¶¶ 13, 22, 28). Therefore, the cable and studs were open and obvious.

**B. Neither exception to the open and obvious doctrine applies.**

Illinois courts recognize two exceptions to the open and obvious doctrine: the distraction exception and the deliberate encounter exception. Neither applies to West's case.

**1. West was not "distracted" as defined by the Supreme Court of Illinois.**

Courts applying Illinois law have narrowly interpreted the distraction exception. The exception turns on "*why* [the plaintiff] was looking elsewhere." *Bruns*, 21 N.E.3d at 693 (emphasis in original). It applies only when a plaintiff focuses her attention elsewhere "to avoid another *hazard* or potential *hazard*" or "because some other task at hand *required* her attention." *Id.* (emphasis added). A "distraction" is not actionable if it is "solely within the plaintiff's own creation." *Id.* Instead, the circumstances must have "*required* that [the plaintiff] focus her attention on some other condition or hazard." *Rosenberg*, 2019 WL 670262, at *6 (emphasis added).

The supreme court rejected Bruns' claim that she was distracted. Bruns failed to see the crack only because she was looking at the door instead of the ground. *Bruns*, 21 N.E.3d at 692. The court categorized that as, "at most, a self-made distraction," and explained that a plaintiff cannot "recover for self-created distractions." *Id.* at 694. The court concluded that it was not objectively reasonable for a landowner to expect a pedestrian to "look elsewhere and fail to avoid the risk of injury from an open and obvious sidewalk defect." *Id.*

*Bruns* distinguished four prior supreme court opinions: First, with respect to *Ward v. K-Mart*, the court noted that Ward "was distracted by carrying bulky merchandise from [K-Mart's] store, using the only means of egress available that led him to the concrete post." *Id.* at 693. In *Rexroad v. City of Springfield*, "the plaintiff was distracted by the task he was *directed* to

perform—retrieving a helmet—and was required to use a different route on his return trip that brought him into the area of the hole." *Id.* (emphasis added). In *Deibert v. Bauer Brothers Construction Co.* and *American National Bank & Trust Co. of Chi. v. National Advertising Co.*, the plaintiffs, Diebert and Lukas, were distracted "by *concern for their own safety*—protecting against falling debris, and protecting against a misstep on the billboard walkrail [sic], respectively." *Id.* (emphasis added). Each plaintiff was "required" to divert his or her attention to avoid another hazard or to complete another "required" task. *Id.* Applying *Bruns*'s analysis, the Northern District of Illinois has recently held four times that a customer is not "distracted" just because she is looking for merchandise.

*McCarty* is again instructive. The plaintiff claimed "he was distracted by moving the boards from one pile to the other. But there is nothing in the record to suggest that Menard's had reason to expect invitees would move merchandise from one stack to another and disregard an obvious tripping hazard." *McCarty v. Menards*, 319 F. Supp. 3d 974, 987 (N.D. Ill. 2018). The court rejected that argument because "the mere fact of looking elsewhere does not constitute a distraction." *Id.* (internal citations omitted). The court also noted that McCarty admitted he was "next to the sign for a period of time," and walked over the sign's legs at least once before he tripped over it. *Id.* "And, again, the obstacle was far more apparent and obvious than an uneven bit of sidewalk [at issue in *Bruns*]." *Id.*; *see also Dunn v. Menard, Inc.*, 880 F.3d 899, 909 (7th Cir. 2018) (rejecting claim that customer was distracted by putting insulation in car); *Rosenberg*, 2019 WL 670262, at *7 (rejecting distraction claim because "[n]othing in the record" suggested his "attention was directed toward any 'other condition or hazard"; rather Plaintiff's attention was fixed on the very item he sought to retrieve as he attempted to step over the fork").

10

Illinois appellate courts have reached the same result numerous times. Kleiber tripped on a pallet outside a store. *Kleiber v. Freeport Farm & Fleet, Inc.*, 942 N.E.2d 640, 649 (Ill. App. Ct. 2010). "[S]he saw the pallet and the holes in the pallet" before she fell. *Id.* "[T]here was little to no delay between the time that plaintiff recognized the danger and the time when she was injured." *Id.* The appellate court concluded that the store "had no reason to expect that plaintiff would be so distracted that she would fail to see the holes in the pallet, would forget about the holes in the pallet, or would fail to protect herself from the danger posed by the holes in the pallet." *Id.* at 648–49.

Those cases aptly illustrate when a person is not "distracted." None of those plaintiffs were distracted from the injury-producing condition by 1) another hazard, or 2) another task. They were all simply looking elsewhere. *Dunn*, 880 F.3d at 909; *McCarty*, 319 F. Supp. 3d at 987–88; *Rosenberg*, 2019 WL 670262, at *6; *Bruns*, 21 N.E.3d at 692.

Similarly, West touched the studs and the studs fell on her, while she and Hernandez were handling the studs. (SOF, ¶ 6–8, 14–21). As in *Kleiber*, there was not enough time between when West saw the studs and when they fell on her to forget about the studs. Further, nothing *required* her to turn away from the studs and face Hernandez. West was not distracted.

> **2. West was not compelled to stand in front of and touch the studs immediately before they fell.**

Illinois courts most often apply the deliberate encounter exception in cases involving economic compulsion, such as when a person must encounter a hazard as part of her job. *Sollami v. Eaton*, 772 N.E.2d 215, 224 (Ill. 2002). Although the supreme court has not limited it to such situations, a plaintiff must prove "compulsion or impetus under which a reasonable person in [the plaintiff's] position would have disregarded the obvious risk" of the condition. *Id.*. A customer is not compelled to encounter a hazard if she could stand somewhere else to avoid the hazard or if

she could obtain assistance from a store employee. *See Dunn,* 880 F.3d at 909; *Kleiber,* 942 N.E.2d at 642–43, 649.

West could have avoided the beams entirely by standing out of the way and relying on her handyman, Hernandez—who was moving the studs—to find the ones he needed. (SOF, ¶¶ 15–19). Alternatively, she or Hernandez could have asked an associate for assistance and stood out of the way. (SOF, ¶¶ 24–25). Thus, the exception does not apply. *See Dunn,* 880 F.3d at 909; *Kleiber,* 942 N.E.2d at 642–43, 649.

**III.     Home Depot Did Not Owe West a Duty.**

The must "consider the four factors that inform [the] duty analysis: 1) the reasonable foreseeability of the injury, 2) the likelihood of the injury, 3) the magnitude of the burden of guarding against the injury, and 4) the consequences of placing the burden on the defendant." *Bruns,* 21 N.E.3d at 689. If the court finds the open and obvious doctrine applies the inquiry essentially ends, because "[n]o published premises-liability negligence case . . . [has] held both (1) that the open-and-obvious rule applied without exception and (2) that the defendant nonetheless owed the plaintiff a duty." *Dunn,* 880 F.3d at 910.

The first two factors favor the defendant when a condition is open and obvious and neither exception applies. *Dunn,* 880 F.3d at 910; *Bruns,* 21 N.E.3d at 694. The first factor "carries little weight" when the open and obvious defense applies "because a defendant is ordinarily not required to foresee injury from a dangerous condition that is open and obvious." *Bruns,* 21 N.E.3d at 694. Similarly, "[t]he second factor carries little weight because 'it is assumed that persons encountering the potentially dangerous condition of the land will appreciate and avoid the risks,' making the likelihood of injury slight." *Id.* (citations omitted). Thus, the first two factors favor Home Depot.

Even if the Court does not apply the open and obvious doctrine here, the first two factors favor Home Depot because West is the only customer to have been struck by falling studs at this store and because the safety cable that prevents studs from falling has been disengaged only once or twice in the past two years. (SOF, ¶¶ 36, 38).

The third and fourth factors also favor Home Depot and do not justify imposing a duty. Recent Illinois precedent has held that "the last two factors [burden and consequences] *cannot* outweigh the first two and the defendant necessarily has no duty, even if the burden of the duty and its consequences are minimal." *Bujnowski v. Birchland, Inc.*, 37 N.E.3d 385, 392 (Ill. App. Ct. 2015) (citations omitted). A landowner need not warn or take precautions "as long as the condition was open and obvious." *Blue v. Env't Eng'g, Inc.*, 828 N.E.2d 1128, 1147 (Ill. 2005). In short, providing warnings or supervision is "unjustified, given the open and obvious nature of the risk." *Sollami v. Eaton*, 772 N.E.2d 215, 225 (Ill. 2002). Additional precautions would be too onerous as a matter of law.

Several courts have held that requiring a store to have employees constantly monitor all areas of a store is too onerous as a matter of law. *E.g.*, *Dunn v. Menard, Inc.*, 880 F.3d 899, 910 (7th Cir. 2018); *Kleiber*, 942 N.E.2d at 650. Similarly, imposing a duty on retailers to station employees in each aisle to continuously monitor the aisles would be too onerous, particularly when, as described above, Hernandez observed the disengaged safety cable, and West could have observed it too. Any additional duty to continuously monitor the area would be too onerous. *See Dunn*, 880 F.3d at 910; *Kleiber*, 942 N.E.2d at 650. Thus, Home Depot did not owe West a duty. Accordingly, summary judgment should be entered in Home Depot's favor.

13

**IV.     Hernandez, not Home Depot, Caused West's Incident.**

"A proximate cause is one which produces the injury through a natural and continuous sequence of events unbroken by any effective intervening cause." *E.g.*, *Kemp v. Sisters of Third Ord. of St. Francis*, 493 N.E.2d 372, 373 (Ill. App. Ct. 1986) (citations omitted) If the defendant's alleged negligence simply "furnish[es] a condition which made the injury possible and that condition causes an injury by the subsequent independent act of a third party, the creation of that condition is not the proximate cause of the injury." *Id.* (citation omitted) Instead, the subsequent independent act is an intervening cause that "breaks the causal connection, and itself becomes the proximate cause." *Id.*

In *Kemp*, the plaintiff was lying on an operating room table when a nurse who was not employed by the defendant hospital "knocked over an IV pole and an attached glass IV bottle," which struck the plaintiff's mouth and injured her. *Id.* at 372. The plaintiff sued the hospital and alleged that the hospital was negligent for "using a hard glass IV bottle, rather than a soft plastic bag, in the operating room." *Id.* "The trial court found that the defendant only furnished the condition of the accident by its use of the glass IV bottle." *Id.* at 373. The trial court also found that when the nurse knocked over the bottle, the nurse committed an independent intervening act that constituted the proximate cause of the plaintiff's injuries. *Id.* Since the nurse's negligent act proximately caused the plaintiff's injuries, the defendant was not liable, and the trial court accordingly granted summary judgment. *Id.* The Illinois Appellate Court affirmed. *Id.*

Likewise, the stud display was merely a condition that made West's injury possible. Studs are not safety hazards by themselves, even if the cable is disconnected, because if no one touches the studs, the studs will not fall. (SOF, ¶ 44). The studs fell on West only after she touched the studs and only after Hernandez moved the studs. (SOF, ¶¶ 6–8, 14–21). Therefore, like the nurse's

14

act of knocking over the IV bottle in *Kemp*, Hernandez's act of moving the studs proximately caused the studs to fall on West. Accordingly, Home Depot cannot be liable and summary judgment is proper.

## CONCLUSION

For the foregoing reasons, Defendant, HOME DEPOT U.S.A., INC., requests that the Court grant its Motion for Summary Judgment.

Respectfully submitted,

HOME DEPOT U.S.A., INC.

BY:  /s/ Jonathan R. Sichtermann
JONATHAN R. SICHTERMANN (6313992)
One of its attorneys

JONATHAN R. SICHTERMANN
ERIC C. PAPIER
McVEY & PARSKY, LLC
30 North LaSalle Street
Suite 2100
Chicago, IL  60602
Phone: 312/551-2130
Fax:    312/551-2131
Email: jrs@mcveyparsky-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

ERIC TERRY
TORHOERMAN LAW, LLC
210 South Main Street
Edwardsville, Illinois 62025
(618) 656-4400

By: /s/ Jonathan R. Sichtermann
JONATHAN R. SICHTERMANN
Illinois Bar #6313992

16